# Eubanks *v.* The State.

### *Supersedeas to Quash Execution and Prevent Levy.*

(Decided Nov. 23, 1907.   45 So. Rep. 57.)
(Rehearing denied Dec. 19, 1907.)

*Appeal; Assignment of Error; Necessity For.*—A supersedeas to quash an execution against a defendant and his sureties on confession of judgment is essentially a civil proceeding and this court will not review the judgment denying the supersedeas in the absence of assignments of error on the record.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Proceeding by John Eubanks against the state. From an adverse judgment, Eubanks appeals. Affirmed.

M. R. SOWELL, for appellant. The court was without jurisdiction to render a valid judgment by confession, and hence, the execution should have been quashed and supersedeas granted.—64 Am. Dec. 506; 99 Am. Dec. 277. The court has full authority to vacate the judgment.—5 Am. St. Rep. p. 448. The execution was void because issued on a void judgment.—*Swink v. Snodgrass,* 17 Ala. 653. The objection of the plaintiff in this case to the indictment did not come too late.—*Harrington v. The State,* 36 Ala. 236; *Fryer v. The State,* 41 South. 172. The motion to quash may be made at any time.—*Harrison v. Hamner,* 99 Ala. 606.

ALEXANDER M. GARBER, Attorney General, for the State. Matters existing anterior to the judgment cannot be made a ground of supersedeas issued on such a judgment.—*Jesse French Co. v. Bradley,* 143 Ala. 530. The supersedeas petition and other papers should have been shown by the bill of exceptions and without such

bill they cannot be reviewed.—*Lynn v. Dean*, 141 Ala. 236.

DENSON, J.—This is a proceeding, by supersedeas, to quash and prevent the levy of an execution issued on a judgment rendered against the appellant, John Eubanks, and his sureties who confessed judgment with him on his conviction for crime. From a judgment denying the supersedeas, the appeal is taken.

The proceeding is essentially a civil one, and, there being no assignment of errors on the record, the judgment appealed from is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.